UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

        Plaintiff,

      - against -                    Civil No. _____

$106,647 in U.S. Currency,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, United States of America, by its attorneys, Rod Rosenstein, United States

Attorney for the District of Maryland, and Stefan D. Cassella, Assistant U.S. Attorney, brings

this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal

Rules of Civil Procedure:

### NATURE OF THE ACTION

1.     This is a civil forfeiture action against U.S. currency involved in violations of the

Controlled Substances Act that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

### THE DEFENDANTS IN REM

2.     The defendant is $106,647 in U.S. Currency.

3.     A portion of the defendant property ($4,500) was seized during a traffic stop in the 2900

block of E. Northern Parkway, Baltimore, MD, on February 1, 2013.  The remainder of

the defendant currency ($107,107) was seized during the execution of a search warrant at

5507 Pioneer Dr., Baltimore, MD, on the same date.

## JURISDICTION AND VENUE

4.    Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property.    This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881(a)(6).

5..    This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(C).

6.    Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1), because  the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

7.    The defendant currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6)  because is was money furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, constituted proceeds traceable to such an exchange, and was used and intended to be used to facilitate such violation.

## FACTS

8.    The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Dennis W. Maye, Special Agent of the Drug Enforcement Administration, which is incorporated herein by reference.

WHEREFORE, the plaintiff prays that all persons who reasonably appear to be potential

2

claimants with interests in the defendant property be cited to appear herein and answer the complaint; that the defendant property be forfeited and condemned to the United States of America; that upon Final Decree of Forfeiture, the United States Marshal dispose of the defendant property according to law; and that the plaintiff have such other and further relief as this Court deems proper and just.

Dated:   August 20, 2013

Respectfully submitted,

Rod J. Rosenstein
United States Attorney


By: _____
Stefan D. Cassella
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800

## **VERIFICATION**

I, Stefan D. Cassella, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture *in rem* is based on reports and information furnished to me by a Special Agent of the DEA, and that everything contained therein is true and correct to the best of my knowledge and belief.

Stefan D. Cassella
Assistant U.S. Attorney

4

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of $4,500.00 and $102,107.00 in United States Currency.

I, S/A Dennis W. Maye, Special Agent of the Drug Enforcement Administration, submit that there are sufficient facts to support a reasonable belief that the $4,500.00 and $102,107.00 in United States currency constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841 and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

a. On February 1, 2013, members of the Baltimore Police Department and the Maryland State Police performed a car stop in the 2900 block of East Northern Parkway on a 2012 Dodge Ram, Maryland tag: AX8465.

b. Adolfo-Gitchenos Aduso Lucas occupied the vehicle.

c. During the stop, a K-9 scanned the vehicle and gave a positive alert to the presence and/or odor of CDS on the vehicle.

d. Recovered from the vehicle was approximately 105 grams of crack cocaine, $4,500.00 U.S. Currency (Exhibit N-1), CDS cutting agents, CDS paraphernalia and CDS packaging material.

e. Lucas was placed under arrest and the currency was seized as drug proceeds.

f. On February 1, 2013, Lucas was charged with CDS: Possession With/Intent Distribution: Narcotics, Firearm/Drug Traffic Crime, Con-Firearm/Drug Traffic Crime, CDS: Possession- Not Marihuana, CDS: Possession Paraphernalia, and CDS: Possession Paraphernalia.

g. Lucas was released from custody on 02/03/2013.

h. The investigation led to the officers obtaining a state search and seizure warrant for Lucas's dwelling located at 5507 Pioneer Drive, Baltimore, Maryland.

i On February 1, 2013, members of the Baltimore Police Department executed a state search and seizure warrant at 5507 Pioneer Drive, Baltimore, Maryland.

j. Sherlene Angela Wilson was the occupant of the dwelling and was taken into custody.

k. An orderly search was conducted of the dwelling with the assistance of a K-9 unit. The K-9 gave a positive alert to the presence and/or odor of CDS on a safe located in Lucas's and Wilson's bedroom.

l.     Seized from the safe was $101,387.00 U.S. Currency which is included in Exhibit N-2, jewelry, a loaded High Point 9mm handgun and documents in the name of Lucas.

m.     In addition, $720.00 U.S. Currency which is included in Exhibit N-2, a digital scale used to measure CDS for street level distribution, a computer and cellular phones were seized.

n.     Sherlene Wilson was arrested on a felony CDS violation and the captioned assets were seized.

o.     On February 1, 2013, Wilson was charged with Firearm/Drug Traffic Crime, CDS: Possession-Large Amount, Con-Firearm/Drug Traffic Crime, Con-CDS: Possession With/Intent Distribution: Narcotic, Conspire-CDS Possess-Large Amount, CDS: Possession-Not Marihuana.

q.     Wilson was released from custody on 02/14/2013.

r.     A total of $102,107.00 U.S. Currency (Exhibit N-2) was seized from the residence (excluding $40 that was determined to be counterfeit).

s.     Sherlene Angela Wilson is the registered owner of the 2012 Dodge Ram.

t.     The CDS recovered is in excess of the amount regarded as likely to be for personal use.

u.     LUCAS and WILSON were charged with a felony controlled dangerous substance violation in the State of Maryland.

v.     A wage history was obtained for Lucas through the Maryland Department of Labor. Lucas is currently employed.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. 1746 THAT THE FACTS SUBMITTED BY THE BALTIMORE POLICE DEPARTMENT AND MARYLAND STATE POLICE, IN REFERENCE TO THE SEIZURE OF $4,500.00 AND $102,107.00 IN U.S. CURRENCY FROM ADOLFO-GITCHENOS ADUSO LUCAS AND SHERLENE ANGELA WILSON ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_____
Dennis W. Maye
Special Agent
Drug Enforcement Administration