IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

UNITED STATES OF AMERICA,               *

                    Plaintiff           *

v.                                      *        CIVIL NO. RDB-13-2433

$106,647.00 U.S. CURRENCY,              *

                    Defendant           *

          *     *     *     *     *     *     *

## MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF THE LEGALITY OF THE SEIZURE OF THE NARCOTICS, NARCOTICS PARAPHERNALIA, HANDGUN, AND THE $106, 647.00 US. CURRENCY

Now come Adolfo-Gitchenos Aduso Lucas, Claimant, and $106,647.00 U.S. Currency, Defendant, by and through their attorney, Brian J. Murphy, and pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, file this Motion for Summary Judgment. As reasons therefor, the Claimant and the Defendant assert:

1.      The $106,647.00 U.S. Currency in this case was seized from Claimant Adolfo-Gitchenos Aduso Lucas by officers of the Baltimore City Police Department and the Maryland State Police on February 1, 2013. In connection with that seizure, the police officers also seized narcotics, narcotics paraphernalia, and a handgun. As a result of those seizures, Claimant Lucas was charged by the police with various narcotics and

handgun offenses. The Grand Jury for Baltimore City subsequently indicted Claimant on those charges and the case was set for trial in the Circuit Court for Baltimore City.

2.     Claimant's attorney in the Circuit Court for Baltimore City, Lawrence Rosenberg, filed a motion to suppress the narcotics, the narcotics paraphernalia, the handgun, and the U.S. currency. A hearing was held on that motion on July 16, 2013 before the Honorable Barry Williams. At that hearing, Assistant State's Attorney Jennifer Brady called as a witness Baltimore City Police Officer Taras Hnatyshyn, the primary investigating and seizing officer. During the hearing, Brady fully examined Officer Hnatyshyn and vociferously argued the facts and the constitutional law regarding the legality of the search and seizure. At the close of that hearing, Judge Williams entered an order suppressing all of the seized items, ruling that all of the items were seized in violation of the Fourth Amendment to the United States Constitution. This suppression order caused the State to lack sufficient admissible evidence upon which to proceed to trial on these criminal charges; as a result, the State entered a *nolle prosqui* pursuant to Maryland Rule 4-247. *See* attached Affidavit of Lawrence Rosenberg.

3.     Because the seizure of the narcotics, narcotics paraphernalia, handgun, and U.S. Currency had been ruled illegal due to violations of the Fourth Amendment, the State of Maryland took no steps to forfeit the U.S. currency at issue in this case. Instead, the Baltimore City Police Department forwarded the U.S. Currency to the federal Drug Enforcement Administration for the commencement of the instant federal forfeiture proceedings. The United States subsequently filed a Verified Complaint for Forfeiture; that Complaint concerns the exact same seizure of narcotics, narcotics paraphernalia, a

handgun and $106,647.00 in U.S. Currency that had been ruled illegal by the Honorable Barry Williams in the Circuit Court for Baltimore City.

4.      In regard to federal forfeiture proceedings, "[t]he Supreme Court has held that an object illegally seized cannot in any way be used either as evidence or as a basis for jurisdiction and, accordingly, evidence derived because of a violation of the Fourth Amendment cannot be used in a forfeiture proceeding." (citations omitted). *United States v. $80,080.00 in United States Currency*, 779 F.Supp. 169, 173 (N.D. Ga. 1991). This doctrine has been incorporated into the rules governing federal forfeitures. *See* Rule G(8)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

5.      A forfeiture case, of course, is a civil case.  In civil cases, "[t]he federal courts have traditionally adhered to the related doctrines of res judicata and collateral estoppel." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Id.*  The reason for this doctrine is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Id.*

6.      The Supreme Court has stated that "[t]he federal courts generally have also consistently accorded preclusive effect to issues decided by state courts." (citation omitted). *Allen v. McCurry, supra* at 95.  "Thus, res judicata and collateral estoppel not only reduce unnecessary litigation and foster reliance on adjudication but also promote

the comity between state and federal courts that has been recognized as a bulwark of the federal system." *Id.* at 95-96. In regard to the resolution of federal constitutional issues by state courts, the Supreme Court has espoused an "emphatic reaffirmation…of the constitutional obligation of the state courts to uphold federal law" and has evinced an "expression of confidence in their ability to do so." *Id.* at 105.

7.     In addition, "in recent years, [the Supreme Court] has reaffirmed the benefits of collateral estoppel in particular, finding the policies underlying it to apply in contexts not formerly recognized at common law." *Allen v. McCurry, supra* at 94. For example, the requirement of "mutuality"—a requirement that the parties in both actions be the same—has been eliminated. *Id.* at 94-95. Pursuant to this doctrinal liberalization, collateral estoppel has been held to bind a party in a federal action who was not a party in a state action involving similar issues as long as the party against whom the estoppel was asserted was "in privity" with a party in the state action. *Nash County Board of Education v. Biltmore Company*, 640 F.2d 484, 493 (4th Cir. 1981). As for the definition of privity, the Fourth Circuit has said:

> "Privity is a term without any 'generally prevailing definition…which can be automatically applied to all cases involving the doctrine of res judicata.'" (citation omitted). It has been appropriately described as 'an elusive concept without any precise definition of general applicability…(which in essence) designates (for res judicata purposes) a person so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved." (citations omitted). *Id.* at 493.

8.     Claimant asserts that the doctrine of collateral estoppel should be applied in the instant case to preclude the use, in this forfeiture action, of the evidence seized by the

Baltimore City and Maryland State police.  The seizure of that evidence was declared illegal under federal constitutional principles after the State of Maryland, through Assistant State's Attorney Jennifer Brady, was given a "'full and fair opportunity' to litigate (its) search and seizure claim." *See Allen v. McCurry, supra* at 91.  In this federal forfeiture action the United States, through Assistant United States Attorney Stefan Cassella, stands in privity with the State of Maryland in regard to the search and seizure issue because both parties "represent[s] precisely the same legal right in respect to the subject matter involved." *See Nash County Board of Education v. Biltmore Company, supra* at 493.  That "legal right," which both of those parties have asserted or are attempting to assert, is the same in this federal case as it was in the state case, *i.e.*, the right of the government to use the seized evidence against the Claimant in a court proceeding.

WHEREFORE, for the foregoing reasons, Claimant and Defendant respectfully request that this Court grant summary judgment as to the legality of the seizure of the narcotics, narcotics paraphernalia, handgun, and $106,647.00 in U.S. Currency and rule that this evidence is inadmissible in this forfeiture action.

Respectfully submitted,

/s/

_____

Brian J. Murphy
1206 St. Paul Street
Baltimore, MD 21202
(410) 347-2030
Counsel for Claimant
Adolfo-Gitchenos Aduso Lucas
lawyermurphy@aol.com
Fax (443) 573-9066

## REQUEST FOR HEARING

Pursuant to Rule 105.6 of the Rules of the United States District Court for the District of Maryland, Claimant and Defendant respectfully request a hearing on this motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of February, 2014, a copy of the foregoing document was served by way of ECF on: Stefan D. Cassella, Esquire, Assistant United States Attorney, 36 South Charles Street, Fourth Floor, Baltimore, MD 21201.

/s/

_____

BRIAN J. MURPHY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. RDB-13-2433 |
| $106,647.00 U.S. CURRENCY, | * | |
| Defendant | * | |

\* \* \* \* \* \* \*

## AFFIDAVIT OF LAWRENCE B. ROSENBERG, ESQUIRE

My name is Lawrence B. Rosenberg. My address is 200 East Lexington Street, Suite 909, Baltimore, Maryland 21202 and my telephone number is (410) 752-1133. I am an attorney who primarily practices criminal defense in both the state and federal courts in Maryland. I have been a practicing attorney for 40 years.

I represented Adolfo Lucas, the Claimant in this case, on criminal charges in the Circuit Court for Baltimore City in case number 113050038-39. Those charges arose out of the seizure, by Baltimore City Police officers and Maryland State Police officers, of narcotics, narcotics paraphernalia, a handgun, and $106,647.00 in U.S. Currency on February 1, 2013 in Baltimore City. I have examined the Verified Complaint for Forfeiture filed in this case as well as the Declaration attached thereto. The narcotics, narcotics paraphernalia, handgun, and $106,647.00 in U.S. Currency which are mentioned in and are the subject of the Verified Complaint for Forfeiture and the attached

1

Declaration are the same items that formed the basis of the Claimant's criminal charges in the Circuit Court for Baltimore City.

I filed a Motion to Suppress in the Claimant's case in the Circuit Court for Baltimore City. A hearing was held on that motion on July 16, 2013 before the Honorable Barry Williams. The State of Maryland was represented by Assistant State's Attorney Jennifer Brady. At that hearing, Ms. Brady called as her witness Baltimore City Police Officer Taras Hnatyshyn, who was the primary investigating and seizing officer in the case. Ms. Brady questioned Officer Hnatyshyn thoroughly on direct examination and, after I cross-examined the officer, thoroughly questioned Officer Hnatyshyn again on redirect examination. Ms. Brady also submitted several exhibits to the court; these exhibits were admitted into evidence.

After all the testimony and evidence was presented, both Ms. Brady and I argued our respective positions to Judge Williams. Ms. Brady argued that the search for and subsequent seizure of the narcotics, narcotics paraphernalia, handgun, and $106,647.00 in U.S currency comported with the requirements of the Fourth Amendment to the United States Constitution. I argued that both the search for and subsequent seizure of these items were undertaken in violation of the Fourth Amendment to the United States Constitution. After hearing thorough and vociferous argument by both Ms. Brady and me, Judge Williams ruled that the search and seizure was conducted in violation of the Fourth Amendment and granted my motion to suppress all of the items seized by the police. The items that were suppressed were the exact same items that are mentioned in and are the subject of the Verified Complaint for Forfeiture and attached Declaration

2

filed in this forfeiture case.  Because the State now lacked sufficient admissible evidence with which to prosecute Claimant, Ms. Brady entered a *nolle prosequi* in the case pursuant to Maryland Rule 4-247.

At the suppression hearing, Judge Williams allowed Assistant State's Attorney Brady a full and fair opportunity to litigate the search and seizure issue.  In addition, the issue decided by Judge Williams—the legality of the aforementioned search and seizure under the Fourth Amendment to the United States Constitution—is the exact same issue that is presented to this Court in this forfeiture action.

I, Lawrence B. Rosenberg, Esquire, hereby declare under the penalty of perjury that the contents of the foregoing Affidavit are true and correct to the best of my knowledge, information, and belief.  I further declare under the penalty of perjury that the statements made in the affidavit are made on personal knowledge and that I am competent to testify on the matters stated.

2/26/14
Date

Lawrence B. Rosenberg, Esquire