UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Northern Division

UNITED STATES OF AMERICA,

      Plaintiff,

      - against -                              Civil No. RDB-13-2433

$106,647 in U.S. Currency,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**GOVERNMENT'S OPPOSTION TO MOTION FOR SUMMARY JUDGMENT**

    The United States of America, by its counsel, files this opposition to Claimant

Adolfo-Gitchens Aduso Lucas's motion for summary judgment on the issue of the legality of the

seizure of certain evidence that the Government intends to introduce in this proceeding.   In

support of its opposition, the Government says the following.

**Procedural History**

    This is a civil forfeiture action against $106,647 in U.S. Currency that was seized during

the execution of a search warrant at 5507 Pioneer Drive, Baltimore, MD, on February 1, 2013.

The Government commenced this action by filing a Verified Complaint for Forfeiture on August

20, 2013, alleging that the defendant currency was derived from or was intended to be used to

commit a drug offense, and that it was subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

(ECF 1).   More specifically, the complaint alleges that the Claimant was stopped by a police

officer on February 1, 2013 for a traffic violation and that 105 grams of crack cocaine, $4500 in

currency, and cutting agents, paraphernalia and packaging materials associated with drug

distribution were found in his possession.   *Id.*   The complaint also alleges that later the same day,

police officers obtained a search warrant and found $102,107 and a loaded handgun in Claimant's

residence.

Claimant was charged with a criminal offense in Baltimore County, but the case was

dismissed when Judge Williams granted a motion to suppress the seized evidence.

On February 28, 2014, Claimant filed the instant motion for summary judgment in the

federal civil forfeiture case, asking the court to rule that under the doctrine of collateral estoppel

the evidence seized by the state officers must be suppressed in the federal civil case as well.   For

the following reasons, the motion for summary judgment is the wrong vehicle to bring this matter

to the attention of the court, and it should be denied.

**Discussion**

The claimant in a civil forfeiture case has the right to move to suppress evidence on the

ground that it was seized in violation of his Fourth Amendment rights.   The proper vehicle for

raising that issue is a motion to suppress filed pursuant to Rule G(8)(a) of the Federal Rules of

Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture

Actions.

Here, instead of filing a motion to suppress, Claimant has filed a motion for summary

judgment.   He argues that because the suppression issue was litigated in the state court in

Claimant's criminal case, the doctrine of collateral estoppel precludes this court from reviewing

the merits of the Fourth Amendment claim and bars the Government from opposing it.   Thus, in

Claimant's view, there is nothing left to litigate and the evidence must be suppressed.   But

Claimant is mistaken.

In *Elkins v. United States,* 364 U.S. 206 (1960), the Supreme Court said this about the

preclusive effect of a state court's ruling on a search and seizure issue:

> In determining whether there has been an unreasonable search and seizure by state officers, a federal court must make an independent inquiry, whether or not there has been such an inquiry by a state court, and irrespective of how any such inquiry may have turned out. The test is one of federal law, neither enlarged by what one state court may have countenanced, nor diminished by what another state court may have colorably suppressed.

364 U.S. at 223-24.   Accordingly, it is clear that unless precluded by the doctrine of collateral

estoppel, a federal court is obligated to review the legality of a search and seizure *de novo*,

regardless of the ruling of a state court on the same issue.

To be sure, the doctrine of collateral estoppel does bar the relitigation of certain issues

where the doctrine applies, and it has been applied to prevent *the claimant* in a civil forfeiture case

from attempting to litigate a suppression motion that he lost in a related criminal case in state court.

But that is because the party *against whom the doctrine is asserted* may not relitigate an issue that

he has had a full and fair opportunity to litigate in another forum.   *See, e.g., United States v. Real*

*Property Located in El Dorado County,* 59 F.3d 974, 979-80 (9th Cir. 1994); *United States v. Real*

*Property Known and Numbered as 415 E. Mitchell Ave.,* 149 F.3d 472, 476 (6th Cir. 1998).   But

the doctrine *does not* apply where the party against whom it is asserted was not a party in the

earlier proceeding, and thus did not have a full and fair opportunity to litigate the issue.

The Fourth Circuit applied that rule in *United States v. Safari,* 849 F.2d 891 (4th Cir. 1988).

In that case, a defendant appealed his conviction on the ground that the district court erred in

failing to apply collateral estoppel to his motion to suppress because the legality of the instant

search and seizure had been fully litigated in state court.   Following a Second Circuit decision on

the same point, the panel rejected the defendant's argument and held that "collateral estoppel does

3

not apply here because the federal Government was not a party in the state court action."   849 F.2d at 893, following *United States v. Mejias,* 522 F.2d 435 (2nd Cir. 1977).   *Cf. United States v. Ricks,* 882 F.2d 885, 889-90 (4th Cir. 1989) (holding that collateral estoppel did not bar the United States from introducing evidence from a state case in which the defendant was acquitted because "the doctrine of collateral estoppel in inapplicable . . . because *the parties in the two cases are not the same*") (emphasis added).

Here, the United States was not a party to the criminal prosecution of Claimant in Baltimore County.   Thus, the doctrine of collateral estoppel does not apply.   Rather, this court has an obligation to make its own determination of the merits of Claimant's Fourth Amendment issue, which Claimant is free to raise pursuant to a motion to suppress filed in terms of Rule G(8)(a).

**Conclusion**

For all of these reasons, Claimant's motion for summary judgment should be denied without prejudice to Claimant's filing a motion to suppress in terms of Rule G(8)(a).

Respectfully Submitted,

Rod J. Rosenstein
United States Attorney


_____/s/_____
Stefan D. Cassella
Assistant U.S. Attorney
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
410-209-4800

4