IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| | Civil Action No.: RDB-13-2433 |
| v. | * |
| $106,647.00 IN U.S. CURRENCY, | * |
| Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

This is a civil forfeiture case against $106,647.00 seized during a traffic stop and ensuing search of a residence. Presently pending is Claimant Adolfo-Gitchenos Aduso Lucas's Motion for Summary Judgment on the Issue of the Legality of the Seizure of the Narcotics, Narcotics Paraphernalia, Handgun, and the $106,647.00 in U.S. Currency (ECF No. 9). The parties' submissions have been reviewed and no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, the Claimant's Motion (ECF No. 9) is GRANTED.

## BACKGROUND

On February 1, 2013, police effected a traffic stop of a vehicle driven by the Claimant Lucas. Officers found 105 grams of crack cocaine, $4500 in cash, cutting agents, paraphernalia, and packaging materials associated with drug distribution in Lucas's possession. Later the same day, police obtained a search warrant for Lucas's residence and found $102,107 in cash and a loaded handgun there.

Lucas was indicted on narcotics and firearms offenses in the Circuit Court for Baltimore City. He filed a motion to suppress all evidence seized from the vehicle and the residence. A hearing was held and Judge Barry Williams of the Circuit Court for Baltimore City granted Lucas's motion to suppress, ruling that all the items were seized in violation of the Fourth Amendment to the United States Constitution. The State entered a *nolle prosequi* on all charges and took no steps to forfeit the seized currency. The State forwarded the currency to the Drug Enforcement Administration.

The Plaintiff United States (the "Government") filed a Verified Complaint for Forfeiture (ECF No. 1) and Lucas made a claim as to the $106,647.00 (ECF No. 4).[1] In an Amended Claim of Ownership, the Claimant asserts that all but $720.00 of the $106,647.00 belongs to him, and was obtained by lawful means.[2] Therefore, he claims ownership of $105,927.00. The Claimant then filed the pending Motion for Summary Judgment (ECF No. 9).

STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the

---

[1] Supplemental Admiralty and Maritime Claims Rule C(6)(a).
[2] Lucas makes no claim of ownership of the narcotics, paraphernalia, packaging materials, or handgun.

nonmoving party." *Id.* In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249.

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Hardwick ex rel. Hardwick v. Heyward*, 711 F.3d 426, 433 (4th Cir. 2013). However, there must be a "*genuine*" dispute as to those facts. *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 519 (4th Cir. 2003) (quoting *Anderson*, 477 U.S. at 247-48 (emphasis in original))). This Court must abide by its affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993). If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment must be granted. *Anderson*, 477 U.S. at 249-50. A party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir. 1999). This Court has previously explained that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala,* 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted).

## DISCUSSION

The Claimant argues that he is entitled to summary judgment as a matter of law because the Government is barred by the doctrine of collateral estoppel from relitigating the Circuit Court for Baltimore City's ruling that the $106,647.00 was seized illegally. The

Government argues that the Claimant is limited in this case to filing a motion to suppress pursuant to Supplemental Admiralty and Maritime Claims Rule G(8)(a) and collateral estoppel does not bar forfeiture of the currency.

Evidence obtained in violation of the Fourth Amendment must be excluded from a civil forfeiture proceeding. *See One 1958 Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 696-702 (1965); *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 49 (1993); *United States v. Taylor*, 13 F.3d 786, 788 (4th Cir. 1994); *One 1995 Corvette Mayor of Balt.*, 724 A.2d 680, 684 (Md. 1999). The Circuit Court for Baltimore City ruled that the evidence in this case was seized in violation of the Fourth Amendment. As a result, the State entered a *nolle prosequi*, and there was neither a State forfeiture action nor federal criminal prosecution.

Federal courts have traditionally adhered to the doctrine of collateral estoppel, or issue preclusion, wherein "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."[3] *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citing *Montana v. United States*, 440 U.S. 147, 153 (1979). "According to the mandate of 28 U.S.C. § 1738, federal courts are required to 'give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so.'" *Grochowski v. Dewitt-Rickards*, 928 F.2d 399 (Table), 1991 WL 32278, at *1 (4th Cir. Mar. 13, 1991) (per curiam) (quoting *Haring v. Prosise*, 462 U.S. 306, 313 (1983); *Allen*, 449 U.S. at 96); 28 U.S.C. §

---

[3] To be sure, the Government is not always precluded from relitigating an issue, such as in a subsequent action governed by a lower standard of proof. *See United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 361-62 (1984) (no collateral estoppel in forfeiture proceeding after acquittal in a criminal case). However, although this civil forfeiture case is subject to a lower ultimate standard of proof, the suppression issue is governed by the same Fourth Amendment principles in this Court as in the Circuit Court for Baltimore City.

1738 ("[J]udicial proceedings [of any State] shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."). "When applying collateral estoppel law to a prior state court decision, federal courts must apply the law of the adjudicating state." *Grochowski*, 1991 WL 32278, at *1; *Braxton v. Matthews*, 883 F. Supp. 1068, 1069 (S.D. W. Va. 1995).

Under Maryland law, the formal elements of collateral estoppel are 1) identity of the parties, 2) the actual litigation of an issue of fact or law, 3) the essentialness of the determination to the judgment, and 4) the appealability of that determination by the party against whom the issue preclusion is being asserted. *Cassidy v. Bd. of Educ. of Prince George's Cnty.*, 557 A.2d 227, 233 (1989). The parties in the second proceeding need not be strictly identical to those in the first if they are in privity. "The analysis of privity for purposes of collateral estoppel focuses on whether the interests of the party against whom estoppel is sought were fully represented, with the same incentives, by another party in the prior matter." *Mathews v. Cassidy Turley Maryland, Inc.*, 80 A.3d 269, 294 (2013).

In this case, the Government is collaterally estopped from litigating the suppression issue addressed by the Circuit Court for Baltimore City's suppression ruling. First as to the identity of the parties, although the United States was not a party in the State suppression hearing, the United States is in privity with the State of Maryland on this issue. *Mathews*, 80 A.3d at 294; *Nash Cnty. Bd. of Educ. v. Biltmore Co.*, 640 F.3d 484, 493 (4th Cir. 1981) (defining privity as the condition of being "so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved").

As the Plaintiff in this case, the United States faces the same burden to show that the subject currency was seized without violation of the Fourth Amendment.[4] The State had a full and fair opportunity to argue the reasons why the seizure in question complied with the Fourth Amendment, but the Baltimore City Circuit Court disagreed and granted Lucas's motion to suppress. Thus, the issue was actually litigated, fulfilling the second element necessary for collateral estoppel to apply. Third, the evidence in dispute was essential to the prior case— the State *nolle prossed* the charges when it was suppressed. Finally, the suppression ruling was appealable by the State under Maryland law. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-302 ("[T]he State may appeal from a decision of a trial court that excludes evidence offered by the State or requires the return of property alleged to have been seized in violation of the Constitution of the United States, the Maryland Constitution, or the Maryland Declaration of Rights"); *State v. Hailes*, 92 A.3d 544, 549-52 (Md. Ct. Spec. App. 2014) (collecting cases recognizing State's statutory right to appeal grant of suppression on Constitutional basis).

Because of the determination that the evidence in this case was unlawfully obtained, this Court cannot consider any of that evidence under the exclusionary rule. *See One 1958 Plymouth Sedan,* 380 at 696-702. The United States cites no independent, untainted evidence

---

[4] The Government cites *Elkins v. United States*, 364 U.S. 206, 223 (1960) for the proposition that a federal court must independently determine whether there has been an unreasonable search and seizure by state officers as matter of federal law, regardless of whether a state court has already decided the issue. However, *Elkins* was decided in 1960 when all the states had not even adopted the exclusionary rule before being required to do so by *Mapp v. Ohio*, 367 U.S. 643 (1961). The Fourth Amendment inquiry is the same now. The Supreme Court also noted in *Elkins* that "evidence obtained by state officers during a search which, if conducted by federal officers, would have violated the defendant's immunity from unreasonable searches and seizure . . . is inadmissible over the defendant's timely objection in a federal criminal trial." *Elkins*, 364 U.S. at 223. A contrary rule "implicitly invites federal officers . . . at least tacitly to encourage state officers in the disregard of constitutionally protected freedom," providing an "inducement to subterfuge and evasion with respect to federal-state cooperation in criminal investigation." *Id.* at 221-22. The same principle underlies the application of collateral estoppel in this case.

connecting the subject currency to unlawful activity. *See* Rule G(8)(a) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims ("Suppression does not affect forfeiture of the property based on independently derived evidence"). There is no reason to believe that an independent hearing in this Court would result in a different determination as to the constitutionality of the search. Therefore, there is no need for the Claimant to file another motion to suppress pursuant to Supplemental Rule G(8)(a), and no reason that this matter cannot proceed as a motion for summary judgment. Based on the ruling of the Circuit Court for Baltimore City, no genuine dispute remains that the evidence in this case was unlawfully seized.

In sum, the United States is collaterally estopped from relitigating the suppression ruling of the Circuit Court for Baltimore City, Maryland. No genuine issues of material fact exist as to the legality of the seizure. Accordingly, because the illegally seized currency must be excluded from this forfeiture proceeding, this Court will grant summary judgment as a matter of law in favor of the Claimant as to ownership of the currency at issue.

## CONCLUSION

For the reasons stated above, the Claimant's Motion for Summary Judgment (ECF No. 9) is GRANTED.

A separate Order follows.


Dated: August 26, 2014                        /s/
                                              Richard D. Bennett
                                              United States District Judge